Odell R. and Margaret Powell v. Commissioner.
Powell v. Commissioner
Docket No. 6992-70 SC.
United States Tax Court
T.C. Memo 1972-210; 1972 Tax Ct. Memo LEXIS 45; 31 T.C.M. (CCH) 1039; T.C.M. (RIA) 72210; October 2, 1972
Odell R. Powell, pro se, 4003 S. Westshore Blvd., Tampa, Fla.Robert J. Shilliday, Jr., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Respondent determined a deficiency in petitioners' joint Federal income tax return for the taxable year 1968 in the amount of $628.47 and an addition to tax in the amount of $31.42 under section 6653(a) of the Internal Revenue Code of 1954. At the trial petitioners conceded respondent's disallowance of the deductions for medical expense, contributions, new uniforms, taxes, and $201.54 of the interest expense paid. Remaining at issue are deductions claimed by petitioners for the following items and in the following *46 amounts: 1. Tips
$1,164.00
2. Interest expense
150.00
3. Bad debt
1,000.00
4. Laundry of uniform
179.40
Odell R. Powell (hereinafter referred to as petitioner) and Margaret Powell are husband and wife, who at the time of filing their petition herein resided in Tampa, Florida. Their joint Federal income tax return for the calendar year 1968 was filed with the district director of internal revenue at Chamblee, Georgia. Some of the facts have been stipulated. The stipulation of facts, together with the exhibits, is incorporated herein by this reference. 1. Tips Respondent, in his notice of deficiency, determined that petitioner earned $1,164 in tips during the year 1968 which he failed to report in his return for that year. It is well settled that the burden of proof rests with petitioner to establish error in respondent's determination of a deficiency. In the instant case, the record is clear that petitioner has failed to meet his burden with respect to the tips involved herein. During the taxable year 1968, petitioner was employed as a taxicab driver for the Yellow Cab Company, Tampa, Florida. On his income tax return for 1968, petitioner reported *47 "Wages, salaries, tips, etc." in the total amount of $4,551.73 which he received from the company. Petitioner contends that he did not include any income from tips in this total amount because the amount of "cab beats," that is, cab customers who failed to pay their fare, exceeded the total amount of tips he had received during the year. In this connection, petitioner testified that he was "stuck" with the amount of cab beats because he was required to turn in to the company the amount that the cab beat should have paid when he turned in his receipts for the day, and that he was not reimbursed for the cab beats involved. Apart from his testimony to this effect, petitioner did not provide any substantiation with respect to his claim. About 18 months before the instant proceeding, petitioner had sued the Yellow Cab Company, Tampa, Florida, in the so-called Small Claims Court (Civil Courts of Record), County of Hillsborough, Tampa, Florida, and during his trial presented certain records to the court allegedly pertaining to his earnings while in the employ of Yellow Cab. Although he requested the court to return his records for the instant proceeding, he was unable to obtain them. Under *48 the circumstances, we ordered that the record herein be held open for a period of 30 days to March 23, 1972, for the purpose of production of additional documentary evidence by the petitioner with respect to this issue. On March 7, 1972, the deputy clerk of the Civil Courts of Record, County of Hillsborough, Tampa, Florida, wrote a letter as follows: RE: Case No. 30029 Odell R. Powell v. Yellow Cab Co. of Tampa 1041 TO WHOM IT MAY CONCERN: Plaintiff's exhibit #1, filed on March 19, 1971, has been misplaced and has not been located at this date. Search will continue and when it is located, Mr. Powell will be notified. L. D. Simmons, Clerk A motion was then filed by the petitioners which was taken for a motion for an extension of time for the production of evidence for a period of 90 days to May 23, 1972, which motion was granted. Although several months passed during which time the record herein remained open, the Court failed to receive any documentation to support petitioner's claim. Notably, petitioner does not dispute the amount of tips ($1,164) which he admittedly omitted from his 1968 income tax return. We find it difficult to accept his uncorroborated testimony *49 that the amount of "cab beats" exceeded $1,164 during the taxable year. Moreover, the Court, while sympathetic to petitioner's position with respect to his records, cannot speculate as to the contents or probative value of the documents which he gave to the court in Tampa. Without some documentary evidence to corroborate his oral testimony, we are not disposed to disturb respondent's determination on this issue. 2. Interest In his income tax return for 1968, petitioner deducted the aggregate amount of $542.28 as interest expense, of which respondent disallowed $351.54 for lack of substantiation. Petitioner at the trial conceded all except $150 of the disallowance. He testified that during the years he worked for Yellow Cab Company, he periodically borrowed money from the company and signed a promissory note for the amount involved. Petitioner testified further that the company would deduct the amount borrowed from his pay check and throw away the note; and they did not keep any records of such payments. No documentary evidence or corroborative testimony pertaining to these loans and interest payments was introduced by petitioner in the instant proceeding. Petitioner maintains *50 that the record of the amounts he borrowed and the amount of his payments, including interest, was presented to the Small Claims Court, County of Hillsborough, Tampa, Florida, during his law suit against Yellow Cab, Tampa, Florida, and had not been returned to him. As already mentioned in our discussion of item 1, supra, we have kept the record herein open for several months in an effort to enable petitioner to provide some substantiation for his claimed interest expense, and he has failed to do so. In the absence of documentary evidence to corroborate his vague and general testimony with respect to the interest, we must uphold respondent's determination as to this item. 3. Bad Debt Petitioner deducted $1,000 as a bad debt under "Miscellaneous deductions" on page 2 of his 1968 income tax return, which amount respondent disallowed. Petitioner testified that Earle L. Wilber owed him money for cash which he had loaned to Wilber in January 1968. To substantiate this loan, petitioner introduced into evidence a promissory note dated January 5, 1968, payable to the order of petitioner in the amount of $1,000 due "on the 5th of each month," with the notation in ink (100 x 11), and signed *51 by Earle L. Wilber. Petitioner testified that he did not know the whereabouts of Wilber, but that he thought the note "was still good" and if he could locate Wilber, he intended to file a law suit against him to collect the money owed on this note. Deductions have generally been deemed to be a matter of legislative grace, Meltzer v. Commissioner, 154 F. 2d 776 (C.A. 2, 1946), certiorari denied 329 U.S. 723 (1946); and the taxpayer has the burden to establish that the bad debt deduction in question became worthless during the taxable year in which it is claimed. Section 166(a)(1) of the 1954 Code which provides for the deduction of wholly worthless debts states that: "There shall be allowed as a deduction any debt which becomes worthless within the taxable year." We recognize that there is no standard test for determining worthlessness within the taxable year and neither the Code, nor the regulations, nor the decisions attempt such an all-inclusive definition. Worthlessness is not determined by an inflexible formula or slide rule calculation, but by the exercise of sound business judgment. We do not have sufficient facts in the record underlying the note *52 in question, and from the meager evidence presented by petitioner, we are not convinced that there was in fact a valid debt owing to him arising out of an actual debtor-creditor relationship. The existence or giving of a note, as here, is not in itself conclusive of the existence of a bona fide debt. Moreover, the note called 1042 for installment payments on the fifth day of each month and we do not know whether petitioner received any or all of these payments during 1968. Assuming arguendo that a valid debt existed, petitioner has not advised us as to the action he has pursued to locate Wilber during the taxable year involved. Mere nonpayment of a debt does not prove its worthlessness and the taxpayer's failure to take reasonable steps to enforce collection of the debt, despite the motive for the failure, does not justify a bad debt deduction unless there is affirmative proof that these steps would be futile. Earl v. Perry, 22 T.C. 968 (1954). A debt is not worthless simply because it is of doubtful value or difficult of collection. Petitioner has not esablished the existence of an identifiable event which persuades us that the debt was worthless. While we do not *53 require the petitioner to have perfect discernment in determining the worthlessness of the debt under review, we do not believe that he was convinced of its worthlessness during the taxable year within the intendment of section 166(a)(1), supra. Accordingly, we sustain respondent on this issue. 4. Laundry of Uniforms Petitioner claimed the amount of $364.40 for the laundry of his uniforms as a "Miscellaneous deduction" on page 2 of his income tax return for the year 1968, of which respondent disallowed $179.40. Petitioner was required to wear a uniform in his employment as a taxicab driver. He contends that he had his uniform (consisting of a pair of trousers, shirt, jacket, and tie) cleaned each week and that he paid 85 cents to clean a pair of trousers and 35 cents for a shirt, or an average cost of $5.25 per week on an annual basis. Petitioner did not retain the receipts for such cleaning during the taxable year. In support of his position with respect to the item in controversy, he introduced into evidence an invoice from Vogue Cleaners and Laundry, dated August 22, 1969 (some 8 months after the taxable year involved), which stated that during the year 1968 he paid this firm *54 $364.40 for "Laundry of Uniforms" and was signed by Laura B. Hoerbelt, an employee of Vogue. No evidence was adduced, however, to show whether Hoerbelt was employed during the entire year 1968 so that she could recall petitioner's weekly visits to the store, and the cost, with some precision, of his laundry service. Nor do we know the technique she employed to compute the lump sum of $364.40, which she wrote on the invoice. Again, the burden of proof is on the taxpayer to show that respondent's determination is erroneous. Here petitioner's inability to provide convincing substantiation is of his own making. Given the state of the record on this issue, we find that respondent's determination was generous and should not be altered. Since petitioner did not contest the imposition of the addition to tax under section 6653(a), respondent is likewise sustained on this issue. Decision will be entered under Rule 50.